UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABESHA JEMAL, | No. 2:26-cv-1187-TLN-JDP |
| Petitioner, | A # 221-418-399 |
| v. | |
| WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, | **ORDER** |
| Respondent. | |

Petitioner, an immigration detainee, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 3, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 10.) Neither party filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

1

Accordingly, IT IS HEREBY ORDERED that:

1.      The findings and recommendations filed June 3, 2026 (ECF No. 10) are ADOPTED in full;

2.      The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

3.      Respondent is ENJOINED and RESTRAINED from continuing to detain Petitioner Abesha Jemal (A # 221-418-399) for more than **seven (7) days** from the date of this Order without a bond hearing before a neutral adjudicator at which the government bears the burden of justifying Petitioner's continued detention by establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a flight risk.  The adjudicator must consider Petitioner's financial circumstances for bond and alternative conditions of release.  At the hearing, Petitioner shall be allowed to have counsel present.  If Respondent fails to meet their burden to establish Petitioner is a danger to society or a flight risk, Respondent must immediately release Petitioner from custody.  Respondent may impose any restrictions or conditions determined to be necessary by the adjudicator at the hearing.

4.      Within **24 hours** of this Order:

a.      Respondent shall personally serve Petitioner with a copy of this Order and file proof of service on the docket.

b.      Respondent shall serve Petitioner's immigration counsel, named at ECF No. 7-4 as Million Feyyisa Lenjiso, Million Feyyisa Law Firm, PLLC, P.O. Box 88342, Seattle, WA 98138, as well as any other immigration attorney who has appeared for Petitioner in his removal proceedings, with this Order and file proof of service on the docket.  Service on immigration counsel shall be accomplished in such a way as to provide notice prior to the bond hearing.

5.      Respondent is ordered to file a status report, within **five (5) days** of the bond hearing, confirming that the hearing occurred, the date of the hearing, and the outcome of the hearing.

6.      If Petitioner is granted release on bond, Respondent shall return all of Petitioner's documents and possessions at the time of release.

2

7.      If Petitioner is released, Respondent is further ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral adjudicator where the government bears the burden to show by clear and convincing evidence that material changed circumstances demonstrate: (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  At any such hearing, Petitioner shall be allowed to have counsel present.

8.      The Clerk of Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Date: June 11, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3